FILED

MAY 09 2017

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BITTERROOT RIDGE RUNNERS SNOWMOBILE CLUB; RAVALLI COUNTY OFF-ROAD USER ASSOCIATION; BITTERROOT BACKCOUNTRY CYCLISTS; MONTANA TRAIL VEHICLE RIDERS ASSOCIATION; MONTANA SNOWMOBILE ASSOCIATION; CITIZENS FOR BALANCED USE; AND BACKCOUNTRY SLED PATRIOTS, <br><br>Plaintiffs, <br><br>vs. <br><br>UNITED STATES FOREST SERVICE; U.S. FOREST SERVICE, NORTHERN REGION; BITTERROOT NATIONAL FOREST; LEANNE MARTEN, REGIONAL FORESTER, NORTHERN REGION; JULIE KING, FOREST SUPERVISOR, BITTERROOT NATIONAL FOREST; <br><br>Defendants. <br><br>and <br><br>FRIENDS OF THE BITTERROOT, HELLGATE HUNTERS AND | CV 16–158–M–DLC <br><br> ORDER |

-1-

ANGLERS, MISSOULA BACK
COUNTRY HORSEMEN, MONTANA
WILDERNESS ASSOCIATION,
SELWAY-PINTLER WILDERNESS
BACK COUNTRY HORSEMEN,
WILDEARTH GUARDIANS, and
WINTER WILDLANDS ALLIANCE

Defendant-Intervenors.

Friends of the Bitterroot, Hellgate Hunters and Anglers, Missoula Back Country Horsemen, Montana Wilderness Association, Selway-Pintler Wilderness Back Country Horsemen, WildEarth Guardians, and Winter Wildlands Alliance (collectively "Defendant-Intervenors") have filed a motion for leave to intervene pursuant to Federal Rule of Civil Procedure 24(a) and (b). Federal Defendants do not oppose the motion if the Court imposes certain conditions on the Defendant-Intervenors. (*See* Doc. 15 at 2–3.)

An applicant for intervention as of right must demonstrate the following:

(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004); *see also* Fed. R. Civ. P. 24(a). Proposed Defendant-Intervenors have satisfied these

requirements. First, the conservation organizations and their members have significant protectable interests in the lands and travel restrictions at issue in this case. They have a long record of advocating for the preservation of wilderness-quality lands in the Bitterroot National Forest for the use and enjoyment of their members and the broader public. Second, some of the conservation organizations requesting to intervene brought the initial lawsuit which spurred the Forest Service to begin the travel planning process and, ultimately, to impose the motorized and mechanized use restrictions that Plaintiffs challenge in this case. Thus, they should be able to intervene here to protect the fruits of their earlier litigation. Third, the application to intervene is timely. Fourth, these organizations are able to represent differing interests from the Federal Defendants as it relates to the issues in the case, because they have a unique adversarial perspective from initiating the underlying lawsuit. Consequently, the Defendant-Intervenors are allowed to intervene in this case under Federal Rule of Civil Procedure 24(a).

Pursuant to the Federal Defendants' response to the Defendant-Intervenor's motion, and the agreement of intervenors, the Court will impose several conditions to their intervention. However, since the Defendant-Intervenors are being granted intervention as of right pursuant to Rule 24(a), the Defendant-Intervenors will be

allowed to seek discovery or move to supplement the administrative record should that become necessary. If any party objects to the scope of any proposed discovery, they can file a motion with the Court.

Accordingly, IT IS ORDERED that the Motion to Intervene (Doc. 14) is GRANTED as follows:

1. Friends of the Bitterroot, Hellgate Hunters and Anglers, Missoula Back Country Horsemen, Montana Wilderness Association, Selway-Pintler Wilderness Back Country Horsemen, WildEarth Guardians, and Winter Wildlands Alliance are hereby granted leave to intervene pursuant to Rule 24(a).

2. Defendant-Intervenors shall be treated as a single defendant in this proceeding for all purposes, and shall file single joint briefs, motions, discovery or other pleadings including the Answer in Intervention. Defendant-Intervenors will make reasonable efforts, when possible, to confer with Counsel for Defendant on motions and briefs to avoid repetitious arguments if they can do so consistent with the interests of Defendant-Intervenors.

3. Defendant-Intervenors shall adhere to the Court's original Scheduling Order dated March 7, 2017 (Doc. 11), except Defendant-Intervenors shall file their opening brief on September 14, 2017.

4. Defendant-Intervenors shall not file any independent claims in this

action against the other parties.

5. Each party shall bear its own costs and fees related to the participation of Defendant-Intervenors in this matter.

DATED this 9th day of May, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court